(54 App. Div. 249.)

MARKS v. SAMUELS et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

PARTNERSHIP—CONTRACT OF EMPLOYMENT—BREACH—ESTOPPEL.

Where plaintiff entered the employment of two parties in the belief that a partnership existed between them, and one of them was admitted to be a member of the firm, and the other, while engaged in the business of the firm, declared himself to be a partner, such parties cannot deny the existence of the partnership in an action by plaintiff for a breach of his contract.

Appeal from special term.

Action by Charles W. Marks against Eva Samuels and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. Kaufmann, for appellants.
F. Jellsnik, for respondent.

PATTERSON, J. This action was brought to recover damages for the breach of a contract of employment, upon the allegation that the defendants were co-partners, and, as such, employed the plaintiff as a salesman, at a stipulated compensation of $15 a week and 3 per cent. commission on all goods sold by him and orders given by customers procured by him, and that the contract was to last for a period of six months from January 17, 1898. It is also alleged in the complaint that on the 24th of January, 1898, the defendants without cause discharged the plaintiff from their employ, and have ever since refused to employ him. The defendants answered separately, each denying the partnership. The defendant Samuels admitted that the plaintiff was in the employ of a firm of Samuels & Meuer for a week, and the defendant Meuer denied any knowledge or information sufficient to form a belief as to the employment. The plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, both defendants appeal.

That the plaintiff was employed by a firm of Samuels & Meuer as a salesman, and that he worked for that firm a week, and was then discharged, is abundantly proven. He testified that his employment was for a term of six months, but the defendant Meuer testified that he was employed for a week upon a provisional arrangement. The plaintiff's testimony upon that subject is very precise as to the term of employment, and the conflict of evidence was submitted to the jury, who found in favor of the plaintiff on that issue. The principal point of contest related to the persons by whom the plaintiff was employed. He testifies that he made application to Mrs. Samuels for employment in December, 1897, and that she stated to him that she could do nothing in the absence of her partner, Mr. Meuer, who was in Europe. In January, 1898, the plaintiff swears he saw Mr. Meuer, and that Mr. Meuer then

employed him; that the plaintiff drew up a paper containing the terms of the employment, and that he asked Mr. Meuer to sign it, but the latter said he preferred Mrs. Samuels, his partner, should sign the paper. It is not disputed that Meuer was acting in the business, and that he was in reality the manager of it. His own testimony is to that effect. He swore, however, that it was his wife, the daughter of Mrs. Samuels, who was a partner in the business, and not himself. That Mrs. Samuels was one partner Meuer declares. We have, therefore, the case of a person contracting with two individuals, whom he seeks to hold jointly liable as co-partners for the breach of a contract. Mrs. Samuels was a co-partner. Meuer, by his declarations while engaged in the business, declared himself to be a partner. The employment was entered into on the faith of the existence of the co-partnership relation, which the evidence shows by the declarations of the defendants to have existed. The liability is precisely the same as where credit is given to individuals who declare themselves to be co-partners. True, there is a decided conflict between the testimony of the plaintiff and that of the defendants as to what took place at the making of the contract, but that issue has been decided by the jury in favor of the plaintiff.

There are no exceptions to the judge's charge, nor are there any to the admission or rejection of evidence which require consideration. The judgment and order appealed from should be affirmed, with costs. All concur.